Arthur J. POTTS, Appellant,

v.

CITY OF HUGO, Gene Sampson, et al., Respondents.

No. C3-87-1232.

Court of Appeals of Minnesota.

Dec. 15, 1987.

Review Denied Feb. 17, 1988.

Bradley J. Gunn, Olson, Gunn & Seran, Ltd., Minneapolis, for appellant.

David T. Magnuson, Magnuson & Dieperink, Stillwater, for City of Hugo.

James I. Moberg, Eckberg, Lammers, Briggs, Wolff & Vierling, Stillwater, for Gene Sampson, et al.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

PARKER, Judge.

Appellant Arthur Potts brought a declaratory judgment action against respondents Gene and Lisa Sampson and the City of Hugo. The court determined that the zoning and parking ordinances of Hugo's city code and the Hardwood Creek Estates' restrictive covenants do not prohibit the Sampsons from parking their semi-truck and trailer at their home. Potts appeals from the judgment entered pursuant to the trial court's judgment in the Sampsons' favor. We reverse.

## FACTS

The Sampsons live in a single-family dwelling in the Hardwood Creek Estates subdivision of the city of Hugo. The subdivision is located in an agricultural zoning district of the city.

Before purchasing their home, the Sampsons asked the Hugo city council whether they would be permitted to park their semi-truck and trailer on their property when it was not in use for over-the-road transport. At a council meeting, a majority of the council determined that parking the semi-

truck and trailer was a permissible use of the property. Potts, a council member and the Sampsons' soon-to-be neighbor, opposed the determination.

The council then consulted with its city attorney. The city attorney reviewed the zoning ordinance and rendered an opinion that parking the truck was neither prohibited nor authorized by the ordinance. He further concluded that parking the truck in the agricultural district was comparable to other uses expressly permitted by the ordinance. Based on the council's interpretation of the ordinance, the Sampsons purchased the home and its 6.3–acre lot.

## ISSUES

1. Did the trial court properly find that parking a semi-truck and trailer in Hardwood Creek Estates does not violate the subdivision's restrictive covenants?

2. Did the court err in holding that parking a semi-truck and trailer is a permissible accessory use in Hardwood Creek Estates and is not prohibited by the city of Hugo's residential parking ordinance?

## DISCUSSION

### I

The Hardwood Creek Estates' recorded restrictive covenants provide:

"[S]ingle family residential plot" shall mean a Lot used for a residence constructed for occupancy of a single-family. Any plot conveyed by deed, shall thereafter be used only for a single-family residential plot, or held as vacant land
* * *

\* \* \* \* \* \*

No activity shall be carried on upon the property nor shall anything be done thereon which * * * will decrease the general appearance of the neighborhood or be inconsistent with the character of a neighborhood of single-family residences.

The restrictive covenants restrict the Sampsons' land use to single-family residential. The land is not vacant, and the Sampsons concede they bought their house for a place in which to live.

The parties' dispute centers on whether parking the semi-truck and trailer is "inconsistent with the character of *a* neighborhood of single-family residences" (emphasis added). On the basis of the stipulated facts and the parties' photographs of the subdivision, the trial court found that the Sampsons' activities were not inconsistent with other property owners' activities and did not decrease the neighborhood's general appearance.

■ Evidence exists from which the trial court could reasonably find that parking a semi-truck and trailer was not inconsistent with *this* neighborhood, though the restrictive covenant uses the indefinite article "a" before "neighborhood." Had the case gone to trial, three Hardwood Creek Estates residents would have testified on Potts' behalf that, in their opinions, the Sampsons' truck decreases the neighborhood's general appearance. Four subdivision residents would have testified to the contrary on the Sampsons' behalf. Other evidence would show that subdivision residents conduct diverse activities on their properties, including an automobile repair business, automobile storage and body work, junk car storage, and the parking of another semi-truck and trailer.

### II

*Scope of Review*

[W]hile issues of fact and legislative policy-making decisions should be left to the city's determination, subject only to the broad limits of the "arbitrary and capricious" standard, the interpretation of an existing ordinance is a question of law for the court. The opinions of the governmental authority, while entitled to consideration, are not as persuasive as they would be on questions of fact within its purview. Thus, where the question is whether an ordinance is applicable to certain facts, the determination of those facts is for the governmental authority, but the manner of applying the ordinance to the facts is for the court.

*Frank's Nursery Sales v. City of Roseville*, 295 N.W.2d 604, 608 (Minn.1980) (citations omitted).

Because the parties submitted this case on stipulated facts, we need only address whether the trial court properly applied the ordinances in dispute to these facts.

### Zoning Ordinance

Hugo City Code § 320–4, subd. C provides:

REGULATIONS FOR THE AGRICULTURE DISTRICT (A). Within the Agriculture District, unless otherwise provided in this Ordinance, no building or land shall be used and no building shall hereafter be erected or structurally altered except for one or more of the following uses:

(1) *Permitted principal uses.* Rural agriculture, single family dwelling unit, sod farming and tree farming. * * *

(2) *Permitted accessory uses.* One roadside stand offering for sale only those products grown on the premises, provided that such stand does not exceed an area of 500 square feet, is located in conformance with yard regulations, and provisions are made for adequate off-street parking and access; off-street parking space for all necessary and operable farm equipment and machinery; riding stables; horse trail rides; commercial animal training; and swimming pools; and dog kennels. Private garage not exceeding 720 square feet; farm building(s) and accessory storage not exceeding 3600 square feet for parcels of land up to 20 acres, and unlimited for parcels of 20 acres or more, provided in all cases an approved farm/accessory building site plan meeting requirements of 320–5 Subd. I is first submitted and approved.

(3) *Special uses.* Within the Agriculture District, no land or structure shall be used for the following, except by Special Use Permit in accordance with this Ordinance * * *.

The Sampsons' principal, or main, use of their property is "single-family dwelling unit" within the meaning of the zoning ordinance. Parking a semi-truck and trailer is not a listed accessory use under Hugo City Code § 320–4, subd. C(2). The city and the trial court concluded, however, that subdivision C(2) also permits compatible, non-listed uses as accessory uses. The court found that while the zoning ordinance does not expressly authorize the parking, it is comparable to the parking of "farm equipment and machinery," a listed accessory use.

■ The trial court erred in its conclusion. The Sampsons' parking of their semi-truck and trailer does not qualify as a permitted accessory use within the meaning of Hugo City Code § 320–4, subd. C(2), nor could it. An accessory use is defined in the Code as "subordinate to the main use of land or of a building on a lot and customarily incidental thereto." Hugo City Code § 320–3, subd. B(2). Because the restrictive covenants permit the Sampsons to use their land only for single-family residential purposes and they actually use their land for that purpose, any permitted accessory use must necessarily be "customarily incidental" to that use. We hold, as a matter of law, that parking a semi-truck and trailer is not customarily incidental to a residential use. *See Galliford v. Commonwealth*, 60 Pa.Commw. 175, 179, 430 A.2d 1222, 1224 (1981) (14,500 pound, commercially registered truck is not accessory to a residential use; it is commercial in nature).

### Parking Ordinances

■ The trial court erred in holding that the Sampsons' parking of their semi-truck and trailer in the residential neighborhood of Hardwood Creek Estates does not violate the city of Hugo's residential parking ordinance. Hugo City Code § 219–8, subd. C provides:

*Residential parking.* Off-street parking facilities, accessory to a residential use, shall be utilized solely for the parking of passenger automobile and/or one truck not to exceed 7,000 pounds gross licensed

weight for each dwelling unit. Required parking facilities accessory to residential structures shall not be used for the storage of commercial vehicles except one owner operated commercial vehicle may be parked provided other parking requirements are satisfied.

The plain and ordinary meaning of the ordinance prohibits the residential parking/storage of a commercial vehicle weighing in excess of 7,000 pounds. The Sampsons' semi-truck and trailer is a commercial vehicle, leased to the D & T Trucking Company, and weighs in excess of 34,000 pounds unloaded. Regularly parking their vehicle on their residential property is therefore prohibited under this section.

Contrary to Potts' contention, the parking does not violate Hugo City Code § 219-8, subd. D, which provides:

*Commercial vehicles.* No motor vehicle over one ton capacity bearing a commercial license and no commercially licensed trailer shall be parked or stored in a platted Residence District, except when loading, unloading or rendering a service.

We agree with the trial court that this ordinance is inapplicable. The Sampsons' property is located in an "agricultural district," not a "platted residence district."

Potts also contends that the Sampsons' parking of their vehicle violates the city of Hugo's prohibition against open storage. Hugo City Code § 219-8, subd. B provides:

*Open storage prohibited.* Required off-street parking space in any District shall not be utilized for open storage of goods or for the storage of vehicles which are inoperable or for sale or rent.

The trial court concluded that this subdivision does not cover the Sampsons' parking of their vehicle. In light of our decision to reverse, we consider it unnecessary to address the factual question of whether the Sampsons' particular use of their property constitutes "storage" of a vehicle for rent in a "required off-street parking space" within the meaning of the Code.

## DECISION

The Sampsons' parking of their semi-truck and trailer on their Hardwood Creek Estates' property is prohibited. Such parking is not a permitted accessory use within the meaning of the zoning ordinance and violates the residential parking ordinance, Hugo City Code § 219-8, subd. C. Our holding is expressly limited to the facts of this case, in which the restrictive covenants limit the Sampsons' use of their property to single-family dwelling.

Reversed.