ST. LOUIS COUNTY, Missouri,
Plaintiff/Appellant,

v.

Alma Johnson TAGGERT and Michael
Taggert, Defendants/Respondents.

No. 63894.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 7, 1993.

Donald Jay Cohen, Asst. County Counselor, St. Louis County, Clayton, for plaintiff/appellant.

Aaron Stuart Dubin, Vines, Ross, Kraner & Rubin, P.C., Clayton, for defendants/respondents.

REINHARD, Judge.

This is an action to enforce St. Louis County's zoning ordinance. Plaintiff sought to

enjoin defendants from conduct alleged to be prohibited in a district zoned "Residential R–4". Plaintiff filed a four count petition alleging defendants had violated the county zoning ordinance by: (I) parking and/or storing commercial vehicles on the residential property; (II) storing commercial equipment and supplies on their property; (III) failing to keep their property free of litter; and (IV) using unpaved areas of their land for parking. The trial court directed verdicts in defendants' favor on counts I, III and IV, and entered judgment for plaintiff on count II. Plaintiff appeals the court's ruling on count I only. We reverse, and remand with instructions.

Defendants own and reside on property in St. Louis County zoned "Residential R–4". Don Dickey, a "Zoning and Minimum Housing Inspector" with the County, testified that he conducted three inspections of defendants' residence. Each time, Dickey saw, *inter alia*, one or two diesel tandem dump trucks parked on defendants' residential land. One truck was maroon and the other blue, and each bore the logo "Taggert Hauling". Dickey testified that on one occasion, Michael Taggert told him the trucks were used for hauling gravel.

This case involves a separate county enforcement action from our previous holding involving these parties. *See St. Louis County v. Taggert*, 809 S.W.2d 476 (Mo.App.1991). There, plaintiff sought to enjoin the defendants from storing commercial vehicles on their residential property. The trial court found no evidence that the commercial vehicles were being stored, and refused to allow plaintiff, at the close of the its case, to amend its petition to allege improper "parking" instead of improper "storing".[1] We affirmed, holding, *inter alia*, that plaintiff was not entitled to amend its petition in order to conform to evidence that the vehicles had been parked, rather than stored, in violation of the zoning ordinance. The instant case, as noted, involves a separate enforcement action and evidence gathered postdates the previous action.

---

**1.** There is a legal distinction between storage and parking: parking connotes transience, while storage denotes a certain degree of permanency.

The issue in this case is whether defendants' parking of their dump trucks is an accessory use within the County's zoning ordinance. The trial court concluded that there was no evidence that the trucks were being used other than for transportation, and that such parking was permissible because the zoning ordinance did not "bar[ ] the parking of commercial vehicles on the premises." Plaintiff asserts the trial court misconstrued the zoning ordinance. We agree.

The principles of construction we use in interpreting a zoning regulation are as follows:

(1) The determination of what uses are permitted under a zoning ordinance must be made on the basis of the wording of a particular ordinance and the context in which it occurs;

(2) The basic rule of statutory construction is to seek the intention of the legislators and, if possible, to effectuate that intention;

(3) Legislative intent must be ascertained by giving the word an ordinary, plain and natural meaning, by considering the entire act and its purposes and by seeking to avoid an unjust, absurd, unreasonable or oppressive result;

(4) Zoning ordinances, being in derogation of common law property rights, are to be strictly construed in favor of the property owner against the zoning authority;

(5) Where a term in a zoning ordinance is susceptible of more than one interpretation, the courts are to give weight to the interpretation that, while still within the confines of the term, is least restrictive upon the rights of the property owner to use his land as he wishes;

(6) The interpretation placed upon a zoning ordinance by the body in charge of its enactment and application is entitled to great weight.

*Cunningham v. Bd. of Alderman of Overland*, 691 S.W.2d 464, 467–68 (Mo.App.1985).

*St. Louis County v. Taggert*, 809 S.W.2d 476, 478 (Mo.App.1991).

The zoning ordinance in the instant case is an example of permissive zoning. *See, e.g., St. Charles County v. McPeak,* 730 S.W.2d 611, 612 (Mo.App.1987). It provides: "[t]he use and development of land and structures within any zoning district are limited to those developments set forth in those sections of this Chapter applicable to such district." § 1003.050.[2]

■ A permissive zoning ordinance is drawn to show those uses which are permitted for a particular district, and any use which is not expressly permitted in a given zone or district is thereby excluded from it. *State ex rel. Barnett v. Sappington,* 266 S.W.2d 774, 777 (Mo.App.1954). Permitted uses may be explicitly expressed or may belong to a group of uses in generically expressed categories. *State ex rel. St. Charles County v. Samuelson,* 730 S.W.2d 607, 609 (Mo.App.1987). Section 1003.117.2 identifies ten permitted land uses in a "Residential R–4" district: (1) Churches; (2) Day care homes; (3) Single family dwellings; (4) Home occupations; (5) Libraries; (6) Local public facilities; (7) Parks, parkways and playgrounds; (8) Police and fire stations; (9) Schools; and (10) Schools on tracts of land of at least five acres. Defendants concede that commercial vehicle parking is not expressly permitted in the ordinance but contend that such use is accessory to the residential use.

■ In determining whether use is accessory or incidental to a primary use, the decision must be made on the basis of the particular zoning ordinance and the context in which it occurs. *Schaefer v. Neumann,* 561 S.W.2d 416, 424 (Mo.App.1978). Section 1003.117.4 governs accessory uses in districts zoned "Residential R–4". It provides, in relevant part:

> Subject to compliance with the procedures of this section, accessory buildings, structures and uses are permitted in conjunction with a permitted land use or development or (unless restricted by applicable condition) a conditional land use or development when such accessory building, structure or use is customarily found in conjunction with the primary use, is a rea-

sonably necessary incident to the primary use, is clearly subordinate to the primary use, and *serves only to further the successful utilization of the primary use....* (Emphasis added).

■ Plaintiff states that "[n]owhere in [St. Louis County's zoning ordinance] is parking and/or storing commercial vehicles [in R–4 residential districts] approved." Thus, plaintiff argues, as St. Louis County is a permissive zoning jurisdiction, such an activity must be deemed prohibited. Defendants rely on the absence of an express provision relating to parking as a permitted use in § 1003.117.2, reasoning that all parking is an accessory land use. Thus, they assert, given the vagueness of the regulation, accessory use of the property in regard to parking must be broadly construed in favor of the land owner.

We note that though parking is not specifically listed among the permissible uses in an R–4 district, its permissibility can be easily implied in the R–4 zoning scheme from § 1003.117.8, which states: "Off-street parking and loading requirements and setbacks for parking areas, loading spaces and internal drives are set forth in Section 1003.165 Off–Street Parking and Loading Requirements."

We have found no Missouri case on this point. However, there is substantial authority from non-Missouri sources that the parking of vehicles such as those owned by defendants here is not accessory to the primary residential use of property. "The parking of a commercial vehicle on residential property, including the driveway of a home, is not a permissible accessory use,...." 101A C.J.S. Zoning and Land Planning § 150, p. 469 (1979). In *Potts v. City of Hugo,* 416 N.W.2d 465 (Minn.App.1987), Arthur Potts brought a declaratory judgment action seeking a determination, *inter alia,* of whether the parking and zoning ordinances of the City of Hugo prohibited Gene and Lisa Sampson from parking their semi-truck and trailer at their home. The Sampsons owned a home in a subdivision in an agriculturally zoned district of the City of Hugo. Subdivision restrictive

---

**2.** All ordinance citations are SLCRO (1991) un- less otherwise noted.

covenants limited the Sampsons' use of the property to single family residential use. One of the "permitted principal uses" in the agriculturally zoned district was "single family dwelling." *Id.* at 468.[3] The issue was whether the parking of the truck and trailer, used in the Sampsons' business was a permissible accessory use to the principal residential use. *Id.* at 467.

The regulations for the agricultural district in *Hugo* listed a number of specific accessory uses, none of which applied to the Sampsons. The trial court found that such parking was a "compatible, non-listed" accessory use. *Id.* at 468. The ordinance defined an accessory use as a "use subordinate to the main use of land or of a building on a lot and customarily incidental thereto." *Id.*

In reversing, the appellate court found that such parking was not accessory to the residential use, stating:

> Because the restrictive covenants permit the Sampsons to use their land only for single-family residential purposes and they actually use their land for that purpose, any permitted accessory use must necessarily be "customarily incidental" to that use. *We hold, as a matter of law, that parking a semi-truck and trailer is not customarily incidental to a residential use.* (Emphasis added). *See Galliford v. Commonwealth,* 60 Pa.Commw. 175, 179, 430 A.2d 1222, 1224 (1981) (14,500 pound, commercially registered truck is not accessory to a residential use; it is commercial in nature).

*Id.* at 468. *See also Northvale v. Blundo,* 85 N.J.Super. 56, 203 A.2d 721 (1964) (parking of commercial panel truck not an accessory use).

We are persuaded by the above cited authority. Moreover, as previously noted, the determination of whether a use is accessory depends primarily upon the language of the ordinance. The ordinance here is quite restrictive in defining accessory use. It sets out, in conjunctive, several prerequisites for an accessory use, including a requirement that the use "serve[ ] *only* to further the successful utilization of the primary use."

§ 1003.117.4. (Emphasis added). The parking of defendants' dump trucks used in their gravel hauling business can hardly be said to meet this criteria. We hold, as a matter of law, that the parking of such trucks is not a use which "serves only" to further the successful utilization of the primary residential use, and therefore is not an accessory use within the County's zoning ordinance.

We reverse and remand this cause and direct the trial court to enter an order enjoining defendants' from parking the dump trucks in question on their residential property.

CRANDALL, P.J., and CRIST, J., concur.

---

**3.** All citations to the City of Hugo's zoning ordinance will be omitted.