**Jack FRISON, et al.,
Plaintiffs/Appellants,**

v.

**CITY OF PAGEDALE, et al.,
Defendants/Respondents.**

No. 66303.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1995.

Application to Transfer Denied
May 30, 1995.

Michael R. Young, Richard H. Edwards, St. Louis, for appellants.

Frank Susman, Wendy S. Brafman, St. Louis, for respondents.

GRIMM, Chief Judge.

The City of Pagedale refused to allow plaintiffs to operate an outdoor flea market. Plaintiffs sued, alleging constitutional violations under 42 U.S.C. §§ 1983 and 1985, and

seeking injunctive relief and a declaratory judgment. The trial court granted summary judgment for City.[1] Plaintiffs appeal; we affirm.

Plaintiffs allege two points of error. First, they allege the trial court erred in granting summary judgment on plaintiffs' substantive due process claims. We disagree; as pled by plaintiffs, City's behavior did not rise to the level required by the standard of "truly irrational." Second, they allege the trial court erred in granting summary judgment on the injunctive relief and declaratory judgment counts. We disagree; City's zoning ordinances did not permit an outdoor flea market and the licenses issued to plaintiffs specifically indicated they were for an indoor flea market.

### I. Background

We glean the facts from plaintiffs' fourth amended petition and from the parties' stipulation. On January 18, 1982, plaintiff Jack Frison filed an application for a license "to establish, maintain or conduct a Permanent Indoor FLEA MARKET." Mr. Frison presented the application at the City's regular February 1982 Board of Alderpersons meeting. The minutes reflect that an alderwoman asked if business would be conducted outside the building. "Mr. Frison said that some promotional sales would take place outside the building if this was to the Board's satisfaction."

The Board voted to grant the license, subject to the premises passing inspections. On July 9, 1982, City issued a license to "Jack Frison D/B/A Permanent Indoor Flea Market" to have the business "Frison Indoor Flea Market." Similar licenses were issued in 1983, 1984, and 1985.

From 1982 to the present, Frison has leased space to other tenant-vendors. Both Frison and the tenant-vendors have sold flea market-type merchandise inside and outside the building since 1982.

On June 27, 1986, Frison submitted an application and fee for another renewal of his license. City accepted the application and check, but refused to issue the license.

On July 15, 1986, Frison filed this action.[2] On July 24, 1986, the trial court issued a preliminary injunction restraining City from "closing down any or all business" at the flea market and from "issuing citations or arresting plaintiff, Jack Frison, for selling at retail without a license."

On November 24, 1987, the trial court granted partial summary judgment, ordering City to issue licenses to tenant-vendors. After a fee dispute, City eventually issued licenses to tenant-vendors. Each license authorized a tenant-vendor "to do business [as an] Indoor Flea Market."

On August 7, 1992, members of City's police department went to the flea market. They "advised Frison and all Tenant–Vendors present that if they attempted to do business outdoors, their businesses would be closed down, their property impounded, and they would be arrested."

That same day, plaintiffs applied for a temporary restraining order. The trial court issued the order.

On August 18, 1993, plaintiffs filed their fourth amended petition, containing five counts. Three counts sought money damages for violations of plaintiffs' constitutional rights under 42 U.S.C. §§ 1983 and 1985. The other two counts sought injunctive relief and a declaratory judgment that city could not issue licenses restricting the flea market to indoor use only.

City filed a partial summary judgment motion on the three counts that alleged constitutional violations. The trial court granted this motion. Thereafter, City filed a motion for summary judgment on the remaining counts, and plaintiffs filed a cross motion. City's motion was granted, and by implication plaintiffs' motion was denied.

---

1. Plaintiffs also sued various city officials in their individual capacity. For the sake of simplicity, we refer to all defendants collectively as City.

2. The legal file does not contain a copy of plaintiffs' original petition. Therefore, we do not know the identity of the original parties or what causes of action were pled.

## II. Substantive Due Process

■ Plaintiffs first point alleges the trial court erred in granting partial summary judgment on the three counts seeking damages for violations of plaintiffs' constitutional rights. Two of the counts alleged substantive due process violations under 42 U.S.C. § 1983. The other count alleged conspiracy to commit these constitutional violations under 42 U.S.C. § 1985.[3] Plaintiffs contend that "a genuine issue of material fact [exists] regarding whether or not [City's] conduct was 'truly irrational.'"

City's motion is labeled a motion for partial summary judgment. However, in essence, it is a motion to dismiss for failure to state a claim for relief. Accordingly, we treat the motion as such.

■ In determining the sufficiency of a petition which has been dismissed, we give the petition its broadest intendment, treat all factual allegations as true, construe all those allegations liberally and in plaintiffs' favor, and then determine if there is any ground upon which plaintiffs may be entitled to relief. *Knapp v. Junior College Dist. of St. Louis,* 879 S.W.2d 588, 589 (Mo.App.E.D. 1994). Plaintiffs' petition may be dismissed for failure to state a claim only if it appears they could not prove any set of facts which would entitle them to relief. *Id.*

Plaintiffs, in their fourth amended petition, allege that City "arbitrarily, capriciously and irrationally refused to issue Plaintiffs' merchant's licenses with the intent to deprive Plaintiffs of their right to conduct and transact business with the City of Pagedale...." Plaintiffs further contend that City's "refusal to allow Plaintiffs to operate and sell merchandise outdoors is, at least in part, in retaliation for Plaintiff Jack Frison's cooperation with the Federal Bureau of Investigation, which resulted in the indictment, conviction and/or resignation" of various city officials.

■ In order to assert a substantive due process claim, plaintiffs "must establish that the government action complained of is 'truly irrational', that is, 'something more than ... arbitrary, capricious, or in violation of state law.'" *Anderson v. Douglas County,* 4 F.3d 574, 577 (8th Cir.1993) (quoting *Chesterfield Dev. Corp. v. City of Chesterfield,* 963 F.2d 1102, 1104 (8th Cir.1992)). Even a bad faith violation of state law does not rise to the level of a substantive due process violation. *Chesterfield,* 963 F.2d at 1105.

The Eighth Circuit Court of Appeals has held that several different actions by city officials do not rise to the level of "truly irrational." In *Chesterfield,* the City of Chesterfield enacted a comprehensive zoning plan and a zoning ordinance. *Id.* at 1103. The city failed to provide proper notice before adopting the plan and did not file it with the recorder of deeds. Accordingly, both of the enactments were invalid under state law. *Id.*

Plaintiff had a contract to purchase land for development as a shopping center. The contract was contingent on the property being rezoned. The city enforced these invalid ordinances against the plaintiff, preventing it from purchasing and developing property. *Id.*

Plaintiff alleged a substantive due process violation. The *Chesterfield* court held that this state law error, no matter how fundamental, could not in and of itself create a federal due process claim. *Id.* at 1105.

A similar issue was also addressed in *Anderson.* In *Anderson,* the Douglas County Minnesota Planning and Zoning Commission denied the plaintiff's application to "thinspread" certain land with petroleum-contaminated soil. *Anderson,* 4 F.3d at 576. The Eighth Circuit again held that the activity could not be labeled "truly irrational." *Id.* at 527.

■ In the case before us, City refused to issue licenses until directed by a court. Also,

---

3. Portions of the petition could possibly be construed as an attempt to plead procedural due process or equal protection violations. Plaintiffs do not address these potential issues in their brief. To preserve constitutional questions for review, they must be adequately covered in the briefs. *State v. Pullen,* 843 S.W.2d 360, 364 (Mo.banc 1992). Therefore, we decline to address this issue.

City has restricted the flea market's activities to indoors only. Plaintiffs contend that the City's motivation is retaliation because of Jack Frison's cooperation with the F.B.I. At best, plaintiffs have pled a violation of state law.

We find the Eighth Circuit's rationale persuasive. Accordingly, we hold that plaintiffs' allegations do not rise to the level of "truly irrational." Point denied.

### III. Declaratory Judgment and Injunctive Relief

In their second point, plaintiffs allege the trial court erred in granting summary judgment on their claims for injunctive relief and declaratory judgment. They contend that, as a matter of law, "outdoor selling is a permitted commercial use of commercially zoned property."

After the trial court granted City's motion relating to the 42 U.S.C. §§ 1983 and 1985 counts, City filed a motion for summary judgment on the injunctive relief and declaratory judgment counts. This motion alleges that (1) plaintiffs failed to exhaust all administrative remedies, (2) City's zoning ordinances do not permit the operation of an outdoor flea market and plaintiffs were never granted business licenses for an outdoor flea market, and (3) plaintiffs' claims are barred under the doctrine of collateral estoppel. The trial court did not give any reason when it sustained the motion. We dispose of this point on City's second allegation.

In considering appeals from summary judgments, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Summary judgment is proper only when the moving party has demonstrated, "on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law." *Id.; see also* Rule 74.04(c). Because the propriety of summary judgment is purely an issue of law, our review is essentially de novo. *ITT*, 854 S.W.2d at 376.

The facts pertaining to City's ordinances are not in dispute. The property in question is within a "C" commercial zoning district. The zoning ordinance dealing with commercial zones lists various business which may be operated in these areas and prohibits any other uses. This ordinance is an example of permissive zoning. *St. Louis County v. Taggert*, 866 S.W.2d 181, 183 (Mo. App.E.D.1993). A permissive zoning ordinance is drawn to show those uses which are permitted for a particular district, and any use which is not expressly permitted in a given zone is excluded from it. *Id.*

There are only two possible businesses listed which the flea market could fall under. The ordinance permits for the operation of a "store or shop for the conduct of a retail business" and for a "sales or show room." The terms "store," "shop," and "room" all concern the conduct and operation of a business in a building or structure.

Further, we note that all the uses set forth in this section of the zoning ordinance relate to enclosed buildings. For example, churches, indoor theaters, offices, post offices, banks, motels, and hotels are some of the permitted uses.

Finally, nothing in the ordinance indicates that selling outdoors is allowed. Because the zoning ordinance is permissive in nature, any use not expressly permitted is excluded. In the absence of permission, the zoning ordinance prohibits an outdoor flea market.

In passing, we note that City adopted the applicable zoning ordinance in 1951. Mr. Frison applied for his first license in 1982. His application was to "establish, maintain or conduct a Permanent Indoor FLEA MARKET." The license granted to him was for "Frison Indoor Flea Market." Mr. Frison has never applied for an outdoor flea market license or administratively sought a variance from the zoning district's requirements. Point denied.

The trial court's judgment is affirmed.

CARL R. GAERTNER and DOWD, JJ., concur.