# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37047

| | | |
|---|---|---|
| THE COUNTY OF TWIN FALLS, IDAHO, political subdivision of the State of Idaho, | ) ) ) | 2011 Opinion No. 26 |
| Plaintiff-Respondent, | ) ) | Filed: May 5, 2011 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| ERIC HETTINGA, | ) ) ) | |
| Defendant-Appellant. | ) ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment enjoining use of property in violation of zoning ordinance, affirmed.

Tim J. Williams, Twin Falls, for appellant.

Wonderlich and Wakefield, Twin Falls, for respondent. Fritz A. Wonderlich did not appear at oral argument.

---

LANSING, Judge

In proceedings below, the district court determined that Eric Hettinga's use of his mother's property to park semi-trucks, trailers, and loaders violates applicable zoning laws. Hettinga appeals from that court's judgment enjoining him from continuing that use or conducting any trucking or hauling business on the property.

## I.

## BACKGROUND

Hettinga resides on property that is owned by his mother. The property is located in Twin Falls County just outside the Filer city limits but is in the Filer area of impact for planning and zoning. The property is zoned residential-agricultural (R-A).[1]

---

[1]    The Idaho Local Land Use Planning Act requires that an area of city impact be designated before a city may annex adjacent territory into the city limits. I.C. § 67-6526(a). The governing board of each county and city that has designated an area of city impact must adopt an

Hettinga developed the front one-third of the property as his residence. The remaining two-thirds has been completely covered by asphalt, is surrounded by a six-foot high chain link fence topped by two strands of barbed wire, is lighted with a yard light, and is monitored with cameras. The district court found this area to resemble a parking lot. On this portion of the property, Hettinga parks three sets of hay trailers, three semi-trucks, a belly-dump trailer, and a front loader. Hettinga uses this equipment for his business buying hay, alfalfa, and straw from farmers and selling it to dairies and feedlots. Hettinga picks up the hay he buys from the farmer and hauls it directly to his buyer using the semi-trucks and trailers he parks on the property. Although Hettinga rarely stores his products on the property, Hettinga has at least on one occasion conducted light maintenance on the equipment at the property. Hettinga also had one temporary employee in the past who drove to the property, parked his personal car at the property, and picked up a semi-truck for work. Hettinga currently has no employees, however, and does not keep any business records on the property, advertise for his business on the property, or have clients come to his property to drop off, pick up, or inspect his products.

Hettinga's next door neighbors complained to the city of Filer and Twin Falls County about Hettinga's use of the property. The neighbors complained that Hettinga would let the semi-trucks idle before driving them away, creating noise, vibrations, and diesel smoke that was extremely disturbing to the residential use and enjoyment of their property. Filer's attorney wrote a demand letter to Hettinga in August of 2007. When Hettinga took no action, the attorney filed a complaint on January 8, 2008, on behalf of the city of Filer and Twin Falls County. The complaint was later amended to name the county as the only plaintiff.

After a court trial, the court determined that Hettinga's parking and maintaining commercial trucks and trailers on the property violates the R-A zoning ordinance. The court therefore enjoined Hettinga from conducting trucking or hauling operations of any kind on the

ordinance establishing that either the city or the county zoning plan and ordinances govern the area, or adopt any other mutually agreed upon zoning plan and ordinances. I.C. § 67-6526(a)(1)-(3). The Twin Falls County code designates an area of city impact for Filer, which includes the unincorporated area of Twin Falls County that borders Filer. TWIN FALLS COUNTY CODE § 8-9-19(C)(1). The code also states that the area of impact is to be governed by Filer zoning ordinances. *Id*. at 8-9-19(C)(2). Thus, the relevant zoning ordinance applicable to the property at issue in this case, and the one to which we will hereinafter refer, is the Filer zoning ordinance.

property, including parking, storing, driving, or maintaining any and all equipment, trucks, and trailers used in any trucking business. Hettinga now appeals the district court's decision.

## II.

## ANALYSIS

**A.    Did the District Court Err in Holding that Hettinga's Use of the Property was in Violation of the Controlling Planning and Zoning Laws?**

> The applicable zoning ordinance states:
> **PURPOSE:**  The R-A residential agricultural zone is intended to provide areas for low density residential development and continuation of farm uses where compatible with each other.  It is appropriate to be applied to areas which have, by nature of uses and land division activity, already begun a conversion from rural to urban use primarily in the outer portions of the rural-urban fringe areas where public facilities and services will be necessary before intensive urbanization should occur and in rural land with marginal suitability for agricultural production.

FILER, IDAHO, CODE tit. A, ch. 5, § 9-5-1.  The permitted uses in the residential-agricultural (R-A) zone are as follows:  "Cemeteries; Churches and religious facilities; Home occupations, suburban, rural or external; Noncommercial public parks and recreation grounds and buildings; One- and two-family dwellings; The growing of soil crops, including all farming, livestock, and poultry raising activities; [and] Water reservoirs and facilities."  *Id.* at § 9-5-2(A).  The ordinance states that "uses not specified above are prohibited unless administrative determination is made that the use is similar enough to a use listed above that distinction between them is of little consequence."  *Id.* at § 9-5-2(C).

Hettinga argues that his use is not prohibited by the zoning ordinance.  He asserts that because the ordinance allows for agricultural activities it necessarily allows for the means to transport agricultural products.  Agricultural activities could not be conducted, Hettinga asserts, without using "large pieces of equipment" and storing them on the property for extended periods of time.  This is evident, Hettinga contends, by the fact that his neighbors park backhoes and dump trucks on their property.  As Hettinga is hauling only agricultural products, he argues his use is incidental and accessory to the listed uses.

In reviewing a trial court's findings of facts and conclusions of law, this Court will differentiate among the fact-finding, law-stating, and law-applying functions of the trial courts. *Haight v. Dales Used Cars, Inc.*, 139 Idaho 853, 855, 87 P.3d 962, 964 (Ct. App. 2003); *Staggie v. Idaho Falls Consol. Hosps., Inc.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986).

3

Appellate judges defer to findings of fact based upon substantial and competent evidence, even if the evidence is controverted. *Gibson v. Ada County*, 138 Idaho 787, 789, 69 P.3d 1048, 1050 (2003); *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999). Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Bouten Const. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 761, 992 P.2d 751, 756 (1999); *Medical Recovery Servs., LLC v. Carnes*, 148 Idaho 868, 871, 230 P.3d 760, 763 (Ct. App. 2010). However, we freely review the conclusions of law reached by stating legal rules or principles and applying them to the facts found. *Gibson*, 138 Idaho at 789, 69 P.3d at 1050; *Haight*, 139 Idaho at 855, 87 P.3d at 964. When there is conflicting evidence, it is the trial court's task to evaluate the credibility of the witnesses and to weigh the evidence presented. *Total Success Invs., LLC v. Ada County Highway Dist.*, 148 Idaho 688, 692, 227 P.3d 942, 946 (Ct. App. 2010); *Corder v. Idaho Farmway, Inc.*, 133 Idaho 353, 359, 986 P.2d 1019, 1025 (Ct. App. 1999).

The interpretation of a statute is an issue of law over which we exercise free review. *Zener v. Velde*, 135 Idaho 352, 355, 17 P.3d 296, 299 (Ct. App. 2000). When interpreting a statute, we will construe the statute as a whole to give effect to the legislative intent. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 539-40, 797 P.2d 1385, 1387-88 (1990); *Zener*, 135 Idaho at 355, 17 P.3d at 299. The plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless plain meaning leads to absurd results. *Messenger*, 118 Idaho at 540, 797 P.2d at 1388; *Zener*, 135 Idaho at 355, 17 P.3d at 299.

Although the parties have not referred this Court to any applicable ordinance that addresses accessory uses, accessory uses are generally permitted even if an ordinance is silent concerning them. 101A C.J.S. *Zoning and Land Planning* § 144; *Town of Salem v. Durrett*, 480 A.2d 9, 10-11 (1984). *See also Corp. of Presiding Bishop of the Church of Jesus Christ of Latter Day Saints v. Ashton*, 92 Idaho 571, 574, 448 P.2d 185, 188 (1968) (discussing accessory uses for a church without referring to an ordinance section permitting or defining accessory uses). Residential use of a property may have many accessory uses:

> Use by a family of a home under our customs includes more than simple use of a house and grounds for food and shelter. It also includes its use for private religious, education, cultural and recreational advantages of the family. [Citation omitted.] Pursuit of a hobby is clearly customarily a part of recreational activities. [Emphasis deleted.]

4

*City of Boise City v. Gabica*, 106 Idaho 94, 96, 675 P.2d 354, 356 (Ct. App. 1984) (quoting *Borough of Chatham v. Donaldson*, 174 A.2d 213, 216 (N.J. Super. Ct. App. Div. 1961)). Even so, generally a commercial enterprise, conducted to make money, is a principal use of itself, not occasioned by day-to-day living in a residential area, and is thus not an accessory use. *Id*. Though Hettinga contends he is only using his property to park and store his business vehicles, such use has been found to be commercial in and of itself and therefore not accessory to residential use of the subject property. *Potts v. City of Hugo*, 416 N.W.2d 465, 468 (Minn. Ct. App. 1987) (parking a semi-truck and trailer is not customarily incidental to a residential use); *Borough of Northvale v. Blundo*, 203 A.2d 721, 723-24 (N.J. Super. Ct. App. Div. 1964) (parking commercial vehicle in residential district is not accessory use); *Galliford v. Commonwealth*, 430 A.2d 1222, 1224 (Pa. Commw. Ct. 1981) (a 14,500-pound commercially-registered Mack truck cab belonging to a trucker, which was driven to work from residence and parked at residence in driveway or backyard when not in use, is "not only inseparable from its owner's business, it is his business. It is unquestionably commercial in nature, and is neither incidental nor accessory to the residential character of the premises."); *Taddeo v. Commonwealth*, 412 A.2d 212, 213 (Pa. Commw. Ct. 1980) (holding, in context of residential-agricultural zone, where the use of the subject property was residential "[s]torage of heavy equipment is neither incidental to, nor customary in, a residential area" and so cannot be justified as an accessory use.); *Whaley v. Dorchester County Zoning Board of Appeals*, 524 S.E.2d 404, 410 (S.C. 1999) ("The parking of a cab of an 18-wheeler at a residence is not customarily incident to a residential zone . . . so as to constitute an accessory use."); 101A C.J.S. *Zoning and Land Planning* § 146 ("The parking of a commercial vehicle on residential property, including the driveway of a home, is not a permissible accessory use . . . .").

*Potts* is similar to the instant case. In *Potts*, the Sampsons lived in an agricultural zone that permitted residential use. The primary use of their property was residential, but they parked their semi-truck and trailer on their property when it was not in use for over-the-road transport. The Minnesota Court of Appeals rejected the lower court's reasoning that parking the truck and trailer was comparable to the parking of "farm equipment and machinery" and therefore was permissible as an accessory use to agricultural activities. *Potts*, 416 N.W.2d at 468. The court held that an accessory use must be subordinate to the actual main use of the land, which in this case was residential, not agricultural. *Id*. Because parking a semi-truck and trailer is not

5

customarily incidental to a residential use, the court held the Sampsons' use was a violation of the zoning ordinance. *Id*.

The essence of Hettinga's hauling business is exactly that, hauling. This is true whether Hettinga is hauling agricultural products, scrap metal, or some other product. Although it is true that a farmer may park large hauling equipment on his property in this R-A zone, the essence of the farmer's business is not hauling but farming, and therefore the storage and use of such equipment is incidental to the primary use of the land. Hettinga is not using any of the property for farming. Therefore his use and storage of large hauling equipment is not incidental to a farming operation. *His* primary use, like the use in *Potts* and *Taddeo*, is residential. As the foregoing cases illustrate, parking and storing large commercial vehicles is commercial in nature and is not incidental to a residence. Therefore, the district court did not err in determining that Hettinga's use is in violation of the applicable zoning ordinance.

B.      **Attorney Fees**

The County requests attorney fees incurred on appeal pursuant to Idaho Appellate Rule 41 and Idaho Code § 12-121. Attorney fees may be awarded to the prevailing party under I.C. § 12-121 and I.A.R. 41, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Attorney fees will not be awarded where the losing party brought the appeal in good faith and presented genuine issues of fact or law. *City of Boise v. Ada County*, 147 Idaho 794, 812, 215 P.3d 514, 532 (2009). Although Hettinga's appeal has not been successful, we do not deem it to be frivolous, unreasonable, or without foundation. Therefore, no attorney fees will be awarded.

### III.

### CONCLUSION

The district court's order granting injunctive relief to Twin Falls County is affirmed. Costs, but not attorney fees, to respondent pursuant to I.A.R. 40.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**