Frank Taddeo, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 6, 1979, before Judges Crumlish, Jr., Mencer and MacPhail, sitting as a panel of three.

*Stephen Israel,* of *Fine, Perlow & Stone,* with him *Seymour H. Braun,* for appellant.

*Timothy P. O'Reilly,* of *Jacobs, Frobouck & Stabile,* for appellee.

Opinion by Judge MacPhail, February 26, 1980:

This is an appeal from an order of the Court of Common Pleas of Allegheny County finding Frank Taddeo (Appellant) guilty of operating a commercial enterprise on property zoned R-1, Rural-Residential, in violation of the Township of Elizabeth (Township) Ordinance 410, Section 203.[1] We affirm the judgment of sentence of the trial court.

Appellant contends in this appeal that: (1) the lower court erred in finding that Appellant's use of Rural-Residential property as a site for parking equipment used in his business constitutes a commercial use and (2) the lower court erred in refusing to allow testimony concerning similar uses by other individuals in the Township.

The facts established in the record are undisputed. Appellant and his wife live at 600 Pineview Avenue in Elizabeth Township in an area zoned as R-1, Rural-Residential. Appellant conducts an asphalt business at 604 Monongahela Avenue, Glassport, Pennsylvania. Various vehicles including trucks, rollers, trailers, back-hoes and other equipment necessary for the conduct of an asphalt business are regularly parked at the Pineview address because, according to Appellant's wife, it is "easier [for the employees] to pick up the vehicles right at the house instead of going to Glassport." Apart from the fact that some business calls may be received at the Pineview address since the tele-

---

[1] Section 203 provides as follows:

PERMITTED USES: The permitted uses for each district are shown on Table 201. Uses not specifically listed shall not be permitted. All permitted uses shall comply with the Performance Standards set forth in Section 405 of this Ordinance.

The permitted uses listed under R-1 Rural Residential on Table 201 are as follows: Single Family Dwelling; Parks; Open Land Recreation; Agriculture; Accessory Uses.

phone number at that address appears in some advertising, the remainder of Appellant's business is transacted in Glassport or at job sites. However, the registered address for Appellant's business, filed in the court house to comply with the requirements of the Act of May 24, 1945, P.L. 967, *as amended,* 54 P.S. §28.1 *et seq.,* is listed as 600 Pineview Avenue.

From those facts, the trial court concluded that the evidence was sufficient to prove that Appellant's residential property was being used for commercial purposes and that such use constitutes a violation of the Township's zoning ordinance. We agree. The use of the equipment parked at Appellant's home and in the vacant lot adjacent to it is such an integral part of Appellant's business, which is certainly commercial in nature, as to be inseparable from that business. By parking the equipment at his residence, Appellant has transferred that part of his commercial enterprise to a residential site, something the zoning ordinance will not permit him to do.

Nor can Appellant's use of the Rural-Residential property be justified as an accessory use. Storage of heavy equipment is neither incidental to, nor customary in, a residential area. *See Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 196 A.2d 327 (1964).

Appellant argues that, since the Ordinance in question does not list prohibited uses, it is somehow invalid. Appellant offers no support for this contention and we find no merit in it. A zoning ordinance is presumed valid and the burden of proving invalidity is on the challenger. *Hodge v. Zoning Hearing Board of West Bradford Township,* 11 Pa. Commonwealth Ct. 311, 312 A.2d 813 (1973). Here, Appellant has not even attempted to sustain that burden of proof.

Finally, Appellant argues that evidence of violation by others in the Township should have been ad-

mitted as relevant to a determination of his guilt. We cannot agree.

"Evidence is relevant if it tends to establish some fact material to the case or tends to make facts at issue more or less probable." *Commonwealth v. Hickman*, 453 Pa. 427, 433, 309 A.2d 564, 567-68 (1973). The sole issue before the lower court was Appellant's guilt and violation by others is clearly irrelevant.

### ORDER

AND Now, this 26th day of February, 1980, the judgment of sentence of the Court of Common Pleas of Allegheny County, entered November 8, 1978, is affirmed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.