Samuel H. Galliford and Nellie L. Galliford, his wife, Appellants *v.* Commonwealth of Pennsylvania, Appellee.

176

Submitted on briefs, May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Dennis J. Gounley,* for appellants.

*Thomas P. Cole, II,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., June 24, 1981:

Appellants own a home in a section of North Huntingdon zoned residential. Their son, who resides with them, is a trucker who makes his trailer pick-ups at a terminal some fifty-five miles from his home. When he is not on the road, he parks his truck-tractor, the cab portion of the unit, either in his parents' driveway, or in their back yard. The vehicle, which he and his father own, is a Mack truck, weighing approximately 14,500 pounds.

Appellants were cited by the township for violation of Section 6.1 of the township zoning ordinance, entitled "Permitted Uses in Residential Districts," which states, in pertinent part, that:

Except as provided in ARTICLE 7, NONCONFORMING USES . . . no building, structure or land, or part thereof shall be used for any purpose or in any manner other than for one or more of the uses hereinafter set forth as permitted in the district. . . .

Any non-industrial use, not included, which is not noxious or offensive, or detrimental to the neighborhood by reason of odor, fumes, dust, smoke, vibration, waste, noise or other objectionable characteristics shall be permitted as indicated in the table. . . .

Also relevant to this appeal is a portion of the definition of "private garage," as found in that ordinance. "One commercial vehicle which does not exceed $\frac{3}{4}$ tons in capacity and is used solely by the occupants may be stored in a private garage."

The district magistrate found appellants guilty of violating the ordinance, so they appealed to the Westmoreland County Court of Common Pleas, which dismissed their appeal, and directed the assessment of the fine imposed by the magistrate. In response to a motion for a new trial and in arrest of judgment, the court *en banc* issued an order and opinion which dismissed the said motion and continued the fine in force.

The issue the homeowners raise on appeal of that order to this Court is whether they may legally be convicted of the violation, since the zoning ordinance allegedly does not regulate the use of motor vehicles in residential areas, except for the weight of commercial vehicles which may be stored in private garages. They argue that since the truck is used for personal trans-

portation to and from the terminal, it is an accessory use to a residential use. Further, they contend, the weight limitation on commercial vehicles in the ordinance applies only to those trucks parked in garages, and their cab is parked outside. We find their arguments to be without merit.

The wording of the zoning ordinance in *Taddeo v. Commonwealth,* 49 Pa. Commonwealth Ct. 485, 412 A.2d 212 (1980), parallels that in the instant case, in stating that uses not listed in the pertinent table would not be permitted. *Taddeo* involved a more egregious violation, since several commercial vehicles were parked on the residential premises involved, but the legal issues are comparable. As noted in that opinion:

> The use of the equipment parked at Appellant's home . . . is such an integral part of Appellant's business, which is certainly commercial in nature, as to be inseparable from that business. . . .
>
> . . . Storage of heavy equipment is neither incidental to, nor customary in, a residential area.

49 Pa. Commonwealth Ct. at 487, 412 A.2d at 213.

The vehicle at issue in the case presently before us is a 14,500-pound commercially-registered Mack truck, which is not only inseparable from its owner's business, it *is* his business. It is unquestionably commercial in nature, and is neither incidental nor accessory to the residential character of the premises.

Appellants' second contention is that the only regulation of commercial vehicles by the ordinance is limited to those under ¾ ton. To paraphrase, if a resident owns a commercial vehicle of ¾ ton or less, he may store it in a private garage, but if it weighs more than ¾ ton, he must store it outdoors. This is patently fallacious reasoning. As the lower court succinctly stated:

A logical interpretation of the Zoning Ordinance, for its consistent application, dictates the prohibition against parking a commercial vehicle in excess of ¾ ton either inside or outside a garage on a residential lot.

Opinion, page 3.

The parking of a commercial vehicle on the premises, not being accessory to the residential use of the property, is prohibited by its very absence from the list of permitted uses. However, an exception is made in the situation where a small commercial vehicle can be screened from public sight in a garage, thus minimizing the deleterious effect on the neighborhood. Appellants' truck not being under ¾ ton, and not being so confined, is parked on the premises in violation of the ordinance.

The township contends, additionally, that the portion of Section 6.1 which discusses the offensive characteristics of prohibited non-industrial uses, quoted *supra*, also applied to substantiate the violation. We find ample testimony in the record to support such an argument.

Since the grant of a new trial is a discretionary power of the trial court, this Court will not interfere with the exercise of that authority absent a clear abuse of discretion or error of law. *Commonwealth v. National Bank & Trust Company of Central Pennsylvania*, 9 Pa. Commonwealth Ct. 358, 305 A.2d 769 (1973). Finding ourselves in accord with the decision of the lower court, we hereby affirm its order.

### ORDER

AND Now, the 24th day of June, 1981, the Order of the Westmoreland County Court of Common Pleas dated February 29, 1980, docketed to No. 124, 124a January Term, 1978, is hereby affirmed.