**Hill v. Hamilton Township
Zoning Hearing Board**

*Edmund G. Flynn,* for plaintiff.

*Marc R. Wolfe,* pro se.

*Robert C. Lear,* for the Hamilton Township Zoning Hearing Board.

O'BRIEN, *J.,* December 9, 1986 — Russell J. Silfee operates a plumbing, heating and air conditioning installation business from his home in a residential zone in Hamilton Township, Monroe County, Pa. Mr. Silfee's utilization of his premises is pursuant to a home occupation zoning permit issued by the zoning officer of Hamilton Township. Several protesting neighbors appealed to the Hamilton Township Zoning Hearing Board from the issuance of the home occupation zoning permit. The zoning hearing board denied their appeal whereupon the protestants appealed to this court. Following briefs and arguments, this case is now before the court for disposition.

At issue in this dispute is the application to Mr. Silfee's use of his property of the following provisions of the Hamilton Township Zoning Ordinance:

*"Home Occupation.* An accessory use which is clearly incidental or secondary to the residential use of the dwelling unit or is customarily carried on within a dwelling unit or accessory building by one or more occupants of such dwelling unit, except that, in connection with the practice of the medical profession or with other offices whose operations require supplementary secretarial, clerical, account-

ing or drafting skills, two persons not residing in such dwelling unit may be employed. The home occupation shall not occupy more than 50 percent of the total floor area of such dwelling unit or 1,000 square feet, whichever is less. The character of the exterior shall not change nor shall there be any evidence of such secondary use other than a small nameplate.

*"Home Occupation Regulations.* In any residential district, all dwelling units and accessory buildings with direct access to a public or private street may be used for the practice of a home occupation, provided such occupation is incidental or secondary to the use of the property as a residence.

"502.1 — Standards

"(a) The professional office of a doctor of medicine, surgeon, dentist, architect, landscape architect, lawyer, accountant, insurance agent, realtor, tax collector, engineer, music or voice instructor (if limited to a single pupil at a time), dressmaker, milliner or seamstress, and other uses of this type — not a nuisance to residents — shall be deemed to be a 'home occupation,' provided that the principal person so employed is a resident of the dwelling.

"(b) Home occupations shall be limited to the employment of not more than two assistants at a time.

"(c) One off-street parking space, in addition to those required of the residence shall be required.

"(d) A home occupation shall not occupy more than 50 percent of the total floor area of the dwelling unit and any accessory building or 1,000 square feet, whichever is less."

In its decision, the zoning hearing board made, inter alia, the following findings of fact:

"(5) That on or about August 10, 1985, Russell J. Silfee pursuant to non-conformance application no. 85-006 applied to Forrest Altemose, Hamilton

Township Zoning Officer for a certificate of non-conformance (in actuality a certificate of confirmation of proper home occupation) for premises located in an "A" (residential) zoning district bearing tax assessment code no. 7/8A/1/2 and that applicant alleged in the application that the premises were used for a mechanical engineering firm — home occupation; a copy of said application being attached as exhibit 'A' to appellants' initial appeal received September 9, 1985.

"(7) That Russell J. Silfee, owner of the premises in question, operates a business from the residential premises which consists of plumbing, heating and air conditioning installation business.

"(8) That the only office which is maintained on the premises is one small room in the lower level of the residence and that the balance of the home is solely used for residential purposes, specifically, housing for Russell J. Silfee, his wife, and family.

"(9) That all of Mr. Silfee's work is done, not at the subject premises, but at various job sites where he installs plumbing, heating and air conditioning equipment.

"(10) That the only business use of the home is ordering of supplies from the home office and the review of prints to ascertain what appropriate plumbing, heating and air conditioning components are required for customers.

"(12) That a 24-foot by 20-foot two-car detached garage located adjacent to the residence is utilized for the storage of plumbing, heating and air conditioning supplies.

"(13) That deliveries of these supplies are made on a regular basis by various plumbing, heating and air conditioning supplies, said deliveries being by truck."

"(14) That while Mr. Silfee has five employees, and certain part-time help on occasion, these employees do not work from the Silfee residence but merely park their vehicles there in the morning, transfer to Mr. Silfee's six trucks, and then load those trucks and take them to their respective job sites."

In spite of the foregoing findings, the zoning hearing board concluded Mr. Silfee's business activity came within the definition of a "home occupation" and rejected the appeal of the protestants. In *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983), our Supreme Court stated that the decision of a zoning hearing board in a zoning case must be affirmed on appellate review unless the board "committed a manifest abuse of discretion or an error of law." In their appeal, the protestants first argue that the zoning hearing board violated the provisions of the Pennsylvania Sunshine Act in reaching its decision. We find this argument to be without merit. The protestants further argue that the zoning hearing board committed an error of law in its decision that Mr. Silfee's business activities constituted a home occupation. This issue merits careful scrutiny by this court.

Many legal scholars suggest that the subject of zoning is the most poorly defined area of the law. It has often been asserted that a careful researcher can find appellate court authority to support either side of most zoning questions. Therefore, it is noteworthy that the appellees in this proceeding have been unable to cite one case in which an appellate court has construed activities such as Mr. Silfee's use of his premises to come within the ambit of a permissible home occupation in a residential zone. On the other hand, there is ample appellate author-

authority to support the conclusions argued by appellants in this proceeding.

In *Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 196 A.2d 327 (1964), the Supreme Court held that a general hauling business could not be conducted in a residential zone. In rejecting the "vehicular accumulation" of the trucks used in the hauling business as a permissible use in a residential zone, Justice Musmanno declared:

"Only a poet astride a steed of resistless conjuration could visualize such a fleet of dump trucks and tractors as part of a domiciliary retreat, fitting into the picture of residential serenity unvexed by the noisy wheels of commercial enterprise."

In *Taddeo v. Commonwealth of Pennsylvania,* 49 Pa. Commw. 485, 412 A.2d 212 (1980), the Commonwealth Court found that an asphalt business constituted a commercial enterprise not permissible in a residential zone. The facts in *Taddeo,* supra, are most similar to the facts at bar. Taddeo's business vehicles were picked up at his house by employees who utilized the vehicles to perform their duties at various job sites. The registration and advertisement of Taddeo's business was at his home address although his business was conducted elsewhere other than the receipt of business calls at the residence. In *Dech v. Zoning Hearing Board of Lynn Township,* 99 Pa. Commw. 295, 512 A.2d 1352 (1986), the Commonwealth Court held that the parking or storage of vehicles used in a business enterprise by the occupant of a residential dwelling is commercial in nature and neither incidental nor customary in a residential area. In *Page v. Zoning Hearing Board of Walker Township,* 80 Pa. Commw. 589, 471 A.2d 1348 (1984), the Commonwealth Court, interpreting an ordinance remarkably

similar to the one at bar, rejected the repair and inspection of motor vehicles in a garage adjoining the occupant's home in a residential zone.

While this court affords municipalities considerable flexibility in enforcing their zoning ordinances as they see fit, we cannot ignore our duty to follow clearly defined precedent established by our appellate courts in zoning cases. It is our duty to afford appellants that to which they are entitled, the peace and tranquility of a residential area unvexed by the noisy wheels of commercial enterprise.

## ORDER

And now, this December 9, 1986, the decision of the zoning hearing board of Hamilton Township announced November 19, 1985, and filed December 12, 1985, is reversed.