**Patrick REARDON, Appellant,**

v.

**The ZONING HEARING BOARD OF
The TOWN OF McCANDLESS
and Town of McCandless.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 16, 1998.

Decided March 9, 1999.

---

Frank P. Salpietro, Pittsburgh, for appellants.

Robert Alton Wilson, Pittsburgh, for appellees.

Before McGINLEY, J., SMITH, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Patrick Reardon appeals from an order of the Court of Common Pleas of Allegheny County (trial court) that affirmed a decision by the Zoning Hearing Board (ZHB) of the Town of McCandless denying Reardon's appeal of an enforcement notice and his requests for a variance and a home occupation permit. All of these zoning actions concerned the parking of Reardon's truck at his residence. Reardon contends that the trial court erred in determining that he was operating a business in his home by parking a commercial vehicle in the rear of his house, that he was not entitled to a variance by estoppel and that parking his truck at his residence did not qualify as a permissible accessory use.

Reardon is a "Snap–On Tools" franchisee who sells and services commercial tools and equipment. His business is completely mobile as it is housed in a Ford P30 truck that measures sixteen feet by ten feet high and, according to the Town, weighs up to 14,000 pounds. Advertising slogans and signs are painted on the sides of the vehicle, which contains office equipment necessary for running the business: a phone, a computer and a facsimile transmission machine. All of Reardon's business transactions occur either in the truck or at his customers' places of business. Reardon's entire inventory stock is kept either in the truck or at a shipping warehouse.

Reardon's residence is located in an R–2 zoning district, which limits property use to single and two-family dwellings. Prior to purchasing the property, Reardon's fiancée, Rebecca Chesmer (Chesmer), telephoned zoning officer Bruce Betty (Betty) to inquire whether there was a town ordinance prohibiting the parking of a truck in a residential area. According to Chesmer's testimony and her notes of that conversation, Betty stated that the town had "no firm rule—but strongly encouraged people not to park [such vehicles] in residential areas." Reardon nevertheless purchased the property and began to park his truck in the rear of the property. He also received packages containing tools and other items for his business.

Approximately eight business-related packages were delivered to Reardon's home address per month. Although there was no evidence that Reardon conducted any business from his home other than receiving packages and parking the truck, neighbors began to complain to the town's zoning office that Reardon was operating a business from his residence. After investigating the situation, Betty issued a cease and desist order. Reardon appealed to the ZHB, which denied Reardon's appeal and requests for a variance and a permit, and the trial court affirmed. In reviewing the decision of the trial court, which received no additional evidence, this Court must determine whether the zoning hearing board committed an error of law or an abuse of discretion. *Strunk v. Zoning Hearing Board of Upper Milford Township,* 684 A.2d 682 (Pa.Cmwlth.1996).

Reardon argues that the trial court erred in determining that he was operating a business from his home by parking a commercial vehicle in the rear of his residence. He cites *Nicholson v. Zoning Board of Adjustment,* 392 Pa. 278, 140 A.2d 604 (1958), for the proposition that storage of a truck on the premises, in and of itself, does not constitute commercial warehousing. Reardon also maintains that his situation is distinguishable from that in *Cook v. Bensalem Township Zoning Board of Adjustment,* 413 Pa. 175, 196 A.2d 327 (1963), and *Taddeo v. Commonwealth,* 49 Pa.Cmwlth. 485, 412 A.2d 212 (1980), because he simply parks his work vehicle behind his home at the end of his workday; he conducts no business at his residence and he does not use it as a work address. In *Cook* the owner violated residential zoning ordinances by parking on his property a dump truck, a pick-up truck, two tractors, a van in which oils and tools were stored and a partially dismantled truck for storing repair parts. In *Taddeo* the parking

of trucks, rollers, trailers and backhoes on residential property and the use of the property as a business address and loading site were held to be in violation of local ordinances.

The trial court affirmed the ZHB's decision denying Reardon's appeal of the enforcement notice and his requests for a variance and a home occupation permit. There was evidence before the ZHB to show that Reardon consistently made several trips home in the course of his work hours and that he regularly received business-related packages at the home address. Reardon's argument also ignores an integral part of the holding in *Taddeo*. The *Taddeo* Court held that when equipment, commercial in nature and inseparable from a business, is parked at a residence, a part of the commercial enterprise is transferred to that site in violation of residential zoning ordinances. Moreover, the Court has ruled in *Dech v. Zoning Hearing Board of Lynn Township*, 99 Pa.Cmwlth. 295, 512 A.2d 1352 (1986), that the storage of a self-contained catering truck used in a business could not be considered a legitimate residential use. Reardon has admitted that the truck contains all of the equipment necessary for running his business. In light of the foregoing cases, the trial court properly determined that Reardon operated a commercial enterprise from his home.

■ Reardon next argues that he is entitled to a variance by estoppel. The factors to be considered when determining whether to grant a variance by estoppel were summarized in *Skarvelis v. Zoning Hearing Board of Dormont*, 679 A.2d 278, 281 (Pa.Cmwlth. 1996) (quoting *Mucy v. Fallowfield Township Zoning Hearing Board of Washington County*, 147 Pa.Cmwlth. 644, 647–648, 609 A.2d 591, 592 (1992)). These factors include:

1. A long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of *active acquiescence in the illegal use*.

2. Whether the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceedings.

3. Whether the landowner has made substantial expenditures in reliance upon his belief that his use was permitted.

4. Whether the denial of the variance would impose unnecessary hardship on the applicant, such as the cost to demolish an existing building.

Nothing in the record suggests that failure by the municipality to enforce the ordinance lulled Reardon into purchasing the property. In fact, the zoning officer discouraged Reardon from parking his commercial truck in the zoning district before he purchased the property. There is no evidence to show that Reardon spent a substantial sum in preparing the property for this use, and he can continue to use the property for its intended residential purposes. Furthermore, nothing in the record indicates that the denial of a variance would create an extreme hardship for Reardon. Therefore, the trial court properly determined that Reardon was not entitled to a variance.

■ Finally, Reardon has not established that parking his truck in the rear of his residence qualified this use as a permissible accessory use entitling him to a home occupation permit. Section 1317.05 of the McCandless Zoning Ordinance permits only two accessory uses: a rooming house and a home occupation. Section 1311.04(67) defines home occupation as "an occupation which is carried on in the home by the resident without special signs or displays [and] special mechanical equipment not customary in family dwelling units." Section 1311.04(67) also provides that "[n]o one living outside the home may be employed nor any commodity sold or warehoused" in order to receive a permit.

Advertising signs are maintained on the sides of Reardon's truck, it is an integral part of Reardon's business and commercial inventory is stored in the vehicle. The Court held in *Galliford v. Commonwealth*, 60 Pa. Cmwlth. 175, 430 A.2d 1222 (1981), that a Mack truck weighing approximately 14,500 pounds and parked in the driveway or back yard of appellants' residence was not only inseparable from the owner's business but that it was unquestionably commercial in nature and neither incidental nor accessory to

the residential character of the appellants' property located in an R–2 zoning district. Applying the *Galliford* analysis and other persuasive authority discussed above, the Court concludes that the ZHB correctly determined that Reardon did not establish that parking his truck in the rear of his residence qualified that use as an accessory use; his business activities simply do not fit the definition of home occupation under the zoning ordinance. Because the ZHB did not commit an error of law or an abuse of its discretion, the Court accordingly affirms the order of the trial court.

### *O R D E R*

AND NOW, this 9th day of March, 1999, the Court affirms the order of the Court of Common Pleas of Allegheny County.