LANCASTER TOWNSHIP, Appellant

v.

The ZONING HEARING BOARD OF LANCASTER TOWNSHIP, Timothy O. Grosick and Cheryl J. Grosick.

Commonwealth Court of Pennsylvania.

Argued April 19, 2010.

Decided May 27, 2010.

Thomas L. Smith, Zelienople, for appellant.

Philip P. Lope, Zelienople, for appellees, Timothy O. Grosick and Cheryl J. Grosick.

BEFORE: SIMPSON, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Judge BUTLER.

Lancaster Township (Township) appeals the August 13, 2009 order of the Court of Common Pleas of Butler County (trial court) denying the Township's challenge to the Zoning Hearing Board's (Board) determination that Timothy O. and Cheryl J. Grosick's (Appellees) use of their storage garage to park three truck cabs and four trailers used in the operation of their interstate trucking business was a permitted use. The issues raised are: 1) whether the use of a building on a residentially-zoned property to house trucks used in the operation of the owner's interstate trucking business qualifies as a private garage and/or an accessory use; and 2) whether the use of a farm building on an agriculturally-zoned property to house truck cabs and trailers used in the operation of the owner's interstate trucking business is a permitted agricultural use. For the following reasons, we reverse the trial court.

Appellees own 62 acres of land in Lancaster Township, Butler County. On September 8, 2008, they applied for a permit to build an 80 foot by 40 foot steel building for farm use. Mr. Grosick operates an interstate trucking business, and owns three tractors and four trailers (collectively, trucks) that he and his son use to transport freight to and from third parties. Only Mr. Grosick and his son work for the company, and there are no plans to hire any employees. Mr. Grosick planned to use the building to store farm equipment, and to store and maintain the trucks. During construction of the building, the Township informed Appellees that parking the trucks in the building would violate the Township's zoning ordinance prohibiting commercial uses on residential property.

On February 26, 2009, Appellees applied to the Board for a use variance that would permit them to park the trucks in the building. A public hearing was held on March 26, 2009, after which the Board determined that Appellees' use of the building to store farm equipment and the trucks was a permitted accessory use un-

der the Lancaster Township Zoning Ordinance (Ordinance). In addition, the Board granted Appellees a conditional use variance permitting the use of the building to store the trucks. On April 23, 2009, the Township filed an appeal from the Board's decision, arguing that the Board abused its discretion in granting the use variance.[1] Appellees intervened, arguing that, while their application to the Board was technically for a variance, they were more accurately seeking a Board interpretation of the Ordinance, and a determination of whether their proposed use was permitted.

■ The trial court determined that the Board had substantial evidence to support its determination that the building and its use were permissible under the Ordinance, and to deny the Township's appeal concerning the permitted use. The trial court also determined that the Board abused its discretion in granting the use variance because there was no determination that there was an unnecessary hardship that was not created by Appellees, and it granted the Township's appeal concerning the use variance.[2] The Township appealed to this Court.[3]

■ The Township argues that the Board abused its discretion by ignoring controlling precedent and the clear provisions of the Ordinance and holding that a building located on a residentially-zoned property and used to house a fleet of commercial vehicles used in the operation of an interstate trucking business carried on by the property owner qualified as a private garage and/or an accessory use. We agree with the Township.

It is well settled that a zoning hearing board's interpretation of its own zoning ordinance is entitled to great weight and deference from a reviewing court. This principle is also codified in Section 1921(c)(8) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(c)(8). The basis for the judicial deference is the knowledge and expertise that a zoning hearing board possesses to interpret the ordinance that it is charged with administering.

*Smith v. Zoning Hearing Bd. of Huntingdon Borough,* 734 A.2d 55, 57–58 (Pa. Cmwlth.1999) (citations and footnote omitted). The Ordinance in this case defines an accessory use as "[a] use customarily associated with and customarily incidental and subordinate to the principal use and located on the same lot with such principal use." Reproduced Record (R.R.) at 59a. It further provides a list of permitted accessory uses which includes, inter alia, private garages, carports, sheds, and domestic storage buildings. R.R. at 62a. The Ordinance defines a "private garage" as "[a]n accessory building or portion of the principal building enclosed on not fewer than three sides, designed or used for shelter or storage of private vehicles and personal property of the occupants of the principal building, and not accessible to the general public." R.R. at 61a.

There is case law, however, which the Township used to support its position, indicating that the storage or parking of commercial vehicles does not satisfy the defini-

---

1. The Township is not insisting that Appellees remove the building, it merely states that Appellees cannot park and/or service the trucks in the building.

2. Neither party is contesting the trial court's determination to reverse the use variance.

3. "When no additional evidence is taken following the determination of a zoning hearing board, [this C]ourt's scope of review is limited to determining whether the zoning board committed an error of law or a manifest abuse of discretion in rendering its decision." *Cottone v. Zoning Hearing Bd. of Polk Twp.,* 954 A.2d 1271, 1275 n. 2 (Pa.Cmwlth.2008).

tion of an accessory use. In *Taddeo v. Commonwealth*, 49 Pa.Cmwlth. 485, 412 A.2d 212 (1980), this Court determined that the storage of equipment used in the property owner's asphalt business was neither incidental to, nor customary in, a residential area, and thus, was not an accessory use. The trial court found that the residential property was being used for commercial purposes, and those uses violated the local ordinance. This Court agreed with the trial court, and specifically stated that:

> The use of the equipment parked at Appellant's home and in the vacant lot adjacent to it is such an integral part of Appellant's business, which is certainly commercial in nature, as to be inseparable from that business. By parking the equipment at his residence, Appellant has transferred that part of his commercial enterprise to a residential site, something the zoning ordinance will not permit him to do.

*Id.* at 213.

In *Galliford v. Commonwealth*, 60 Pa. Cmwlth. 175, 430 A.2d 1222 (1981), the property owners' son was a trucker who parked his tractor trailer in his parents' driveway/backyard. The owners were fined for violating an ordinance concerning permitted uses in residential districts. The trial court upheld the violation. This Court agreed with the trial court, and found, in applying *Taddeo*, that the tractor trailer is "not only inseparable from its owner's business, it is his business. It is unquestionably commercial in nature, and is neither incidental nor accessory to the residential character of the premises." *Id.* at 1224.

In *Dech v. Zoning Hearing Board of Lynn Township*, 99 Pa.Cmwlth. 295, 512 A.2d 1352 (1986), the property owners applied for a building permit to construct a pole building to be used to store vehicles used in the owners' catering and concession business. The zoning hearing board concluded that the pole building was not a commercial building as long as no food was stored in the building and no commercial activities took place which violated the ordinance. The trial court reversed, finding that the building was commercial in nature. This Court agreed with the trial court, and found that

> the trial court concluded that the Board abused its discretion when it held that the use of the pole building was not part of a commercial business. We agree. In *Taddeo*, we held that parking vehicles used in the business carried on by the occupant of a residential dwelling was commercial in nature and that the storage of such vehicles was neither incidental to nor customary in a residential area.

*Id.* at 1354. The Court in *Dech* further found: "the storage of vehicles used in a business enterprise cannot be considered as a private garage for the convenience of the occupants of a residential dwelling." *Id.*

Finally, in *Reardon v. Zoning Hearing Board of Town of McCandless*, 726 A.2d 1108 (Pa.Cmwlth.1999), the property owner was a Snap–On Tools franchisee whose business was completely mobile and contained in his truck which was painted with advertising slogans and signs. All of his business transactions took place in his truck or at his customers' place of business, although he did receive work-related packages at his home. The trial court determined that Reardon was operating a business from his home by parking his commercial vehicle behind his house. Reardon argued that the trial court erred because he was simply parking his work truck at his house at the end of his workday, and he conducted no business at his

residence. This Court, however, agreed with the trial court and found that:

> Reardon's argument . . . ignores an integral part of the holding in *Taddeo.* The *Taddeo* Court held that when equipment, commercial in nature and inseparable from a business, is parked at a residence, a part of the commercial enterprise is transferred to that site in violation of residential zoning ordinances. Moreover, the Court has ruled in *Dech* . . . that the storage of a self-contained catering truck used in a business could not be considered a legitimate residential use. Reardon has admitted that the truck contains all of the equipment necessary for running his business.

*Id.* at 1110.

Although, as Appellees point out in their brief, the preceding cases are distinguishable based on their fact patterns and the obvious commercial uses on the residential properties, the theory upon which this Court based its decisions in all of those cases was that the vehicles were so integral to the property owners' businesses that they were commercial in nature, and parking them in a residential area was neither incidental to nor customary to their residential properties.

■ In the present case, the trucking business is a limited liability company registered in Pennsylvania, and owned by Tim Grosick, Sr. and his son. R.R. at 11 a, 14a–15a. There are no other employees, Appellees do not plan to hire anyone else or to buy any additional trucks, and they do not store in the building any of the freight they haul for third parties. R.R. at 11a. The trucks Appellees store in the building transport freight from one third party to another. R.R. at 10a. Appellees also plan to service their trucks in the building, but testified that they would not service anyone else's trucks, nor would their building be open to the public. R.R. at 11a–12a. However, even though Appellee testified that the tractor trailers were his personal trucks, his attorney, specifically stated that "I think to the extent that Tim does this as a business, as more than a vehicle that he comes and goes in, then I think arguably it is a commercial use. . . . I think it is the fact that Tim has three tractors and four trailers. Arguably that makes it commercial." R.R. at 18a, 23a. Obviously, as stated in *Dech*, Appellees trucks are, "not only inseparable from [the] owner's business, [they are] his business." The trucks cannot be considered Mr. Grosick's private or personal vehicles; they are used to haul freight for the trucking business. As such, Appellees' use of the building to house the trucks can neither be considered an accessory use, nor a private garage, as those terms are defined in the Ordinance, and the Board abused its discretion in ruling that the use of the building to house the trucks was a permitted use.

■ The Township also argues that the Board abused its discretion in ruling that the use of a farm building to house a fleet of non-agricultural commercial vehicles was permitted as a matter of right in the agricultural district. We agree with the Township.

Normal agricultural operations are a permitted use under the Ordinance. R.R. at 64a. The Ordinance defines a farm building as:

> A structure utilized to store farm implements, hay, feed, grain, or other agricultural or horticultural produces, or to house poultry, livestock, or other farm animals, a milk house, and structure used to grow mushrooms. The term shall *not* include habitable space or spaces in which agricultural products are processed, treated, or packaged, and

shall not be construed to mean a place of occupancy by the general public.

R.R. at 9. Further, in their application for a building permit, Appellees designated that the "work will be construction, replacement, or repair of an agricultural building," the definition of which as stated on the application is the same as "farm building" as set forth in the Ordinance. R.R. at 57a.

The purpose of Appellees' building was to store farm equipment *and* the trucks. R.R. at 11a. While Appellees testified that they used the trucks to haul hay and fertilizer, they also testified that the main use for the trucks was to transport items including cooking oil and windows between third parties. R.R. at 12a, 46a. Thus, the testimony indicates that Appellees' use of the trucks for farm-related purposes is minor. It is not reasonable, therefore, to consider their storage an agricultural use merely because the Appellees have used the trucks to haul hay and fertilizer. Accordingly, the Board abused its discretion in ruling that the use of the building to house the trucks was permitted in the agricultural district.

For the reasons stated above, we reverse the trial court's decision and hold that the Board did, in fact, abuse its discretion.

### ORDER

AND NOW, this 27th day of May, 2010, the August 13, 2009 order of the Court of Common Pleas of Butler County is reversed.