**Lehigh Gas Corp. v. Stroud Township Zoning Hearing Board**

C.P. of Monroe County, No. 7997 CV 2013

*Andrew Schantz*, for appellant.
*Richard E. Deetz*, for appellee.

HARLACHER SIBUM, *J.*, July 31, 2014—This matter is before the court on Lehigh Gas Corporation's (hereinafter, "appellant") appeal from the denial of a variance request that was made on June 7, 2013. Appellant owns a travel stop located at 3577 Pennsylvania Route 611 in Bartonsville, Pennsylvania which includes a car wash, convenience store, and a fuel station. A free standing sign is located at the northernmost point of ingress/egress to and from the plaza. This sign is used to identify the services offered within the property as well as the fuel brand and pricing. In February of 2013, appellant refaced a sign on their property into a Light Emitting Diode (L.E.D.) sign. In May of 2013, a Stroud Township Zoning Officer verbally informed an employee of the appellant that the refaced sign would require a variance. Appellant filed an application to the Stroud Township Zoning Hearing Board (hereinafter, "appellee") seeking "Relief from Sec. 9.601(c) Variance to display an electronically-activated changeable sign." [Official record, ZHB #1,7/10/13]. Attached to the application was a type-written statement with four paragraphs which listed the reasons for seeking a variance, including convenience and safety factors. Thereafter, the board solicitor drafted a public notice that appellant filed the application and the same was recorded with the Pocono Record. In the identical documents, there was no mention of a substantive challenge to Section 9.601(c). [*See* official record, ZHB #2, #3, 7/10/13].

On July 10, 2013, appellee conducted a hearing in the Stroud Township Municipal Building to consider appellant's request. The following facts were developed at the hearing: On January 20, 2003, appellant and their affiliate, Bartonsville Travel Plaza, Inc., purchased the property. This property is 5.3 acres and zoned C-2. Located within the property is an Exxon fuel station. The

sign at issue was erected in 2003. The sign is 85 square feet in size, measuring approximately six feet and two inches (6'2) by thirteen feet and eight inches (13'8). As it stands today, the sign is in the same location, of the same dimensions, and displaying the same information as it did in 2003. However, in February of 2013 appellant refaced the sign thereby changing the portion of the sign allotted to displaying fuel pricing from a backlit panel display with plastic numerals on the L.E.D. lighted display. The portion containing the L.E.D. display has dimensions of six (6 ft.) feet in height and five (5 ft.) feet in width. At the hearing, appellant's employee, Lisa Frantz, provided testimony regarding the L.E.D. display. Ms. Frantz testified that once per day, an employee of the gas station changes the gas prices on a console in the store by hand to control the pricing on the sign. Historically, an employee was required to manually change the numbers with a suction cup and stick on the corner where cars and trucks are entering and exiting the lot. Though Ms. Frantz was not qualified as an expert, she testified that the different method of changing the sign greatly increased the safety and convenience of changing gas prices. Furthermore, the visibility of the sign increased roadway safety. Additionally, Ms. Frantz testified that non-L.E.D. signs are becoming obsolete in the gas station industry.

Following the hearing, appellee denied appellant's variance request. In doing so, appellee analyzed the following changes in the zoning laws. On August 29, 2006, Stroud Township Board of Supervisors adopted ordinance no. 8-2006, which amended the Stroud Township Zoning Ordinance No. 5-1998 by replacing Article IX "signs and street graphics." On March 20, 2012, prior to appellant's conversion to the L.E.D. sign, the Township Board of Supervisors enacted Ordinance No. 3-2012 which also

amended and supplemented sections of Article IX "signs and street graphics." Appellee examined the pertinent provision in question, Section 9,601 prohibited signs and street graphicswhich includes,

\*\*\*

(a) Pole signs greater than four (4 ft.) feet in height, except for accessibility signs required by applicable construction codes adopted by the township.

(b) Ground and Wall signs which display a product, or a replica of a product, unless a product is displayed as a graphic.

(c) Electronically-activated changeable signs.

(d) Manually-activated changeable signs, except for Bulletin Board and ground signs for the following non-residential uses: gasoline service stations, movie theatres, and drive-through menu signs

§8 of Ordinance No. 3-2012. Based on Ms. Frantz's testimony, appellee found that the sign was an electronically-activated changeable sign and, therefore, impermissible under Section 9.601. Furthermore, appellee found that the sign was not a non-conforming use subject to the natural expansion doctrine.

On September 13, 2013, appellant filed its notice of zoning appeal to this court. On September 19, 2013, Stroud Township Board of Supervisors filed its notice of intervention to join the appellee. The issues on appeal may be summarized as follows: (1) whether the ordinance itself is invalid as its provisions lack a substantial relationship to its stated purpose and (2) whether appellee made a mistake of law by not concluding the sign is not a "non-

conforming use," thereby making the natural expansion doctrine inapplicable. Oral argument on this matter was held on March 3, 2014. After due consideration, we are now prepared to decide this matter.

## DISCUSSION

"In reviewing the decision of a zoning hearing board where the trial court has not taken any additional evidence, as occurred here, our review...is limited to determining whether the board abused its discretion or committed legal error." *Smalley v. Zoning Hearing Bd. of Middletown Tp.*, 834 A.2d 535, 538 (Pa. 2003). It is well settled that a zoning board's interpretation of its own zoning ordinance is entitled to great weight and deference from a reviewing court." *Lancaster Two v. Zoning Hearing Bd. of Lancaster Twp.*, 6 A.3d 1032, 1034 (Pa. Cmwlth. 2010). "When interpreting zoning ordinances, [the court] relies on the common usage of words and phrases and construes language in a sensible manner". *Steeley v. Richland Twp.*, 875 A.2d 409, 414 (Pa.Cmwlth, 2005). "An abuse of discretion will be found only where the zoning board's findings are not supported by substantial evidence." *Smalley*, 834 A.2d at 538.

As a preliminary matter, we find that appellant has waived a substantive challenge to the validity of the Ordinance No. 3-2012. Pursuant to the Pennsylvania Municipalities Planning Code, public notice must be given prior to zoning board hearings. *See* 53 P.S. § 10908. "If an applicant wishes to raise a validity challenge at any time during a zoning hearing board proceeding, even if only as an alternative theory, it must make this known in a public notice prior to the meeting in accordance with [53 P.S. § 10916.1]. *Crown Communications v. Zoning Hearing Board of the Borough of Glenfield*, 679 A.2d 271, 274 (Pa.

Cmwlth. 1996) *aff'd*, 705 A.2d 427 (1997).

In the zoning board's hearing of the issue, appellant briefly raised the vagueness of the ordinance in oral argument. [*See* N.T., 07/10/13, p. 40.] However, this is insufficient to preserve appellant's claim as the rules require public notice *prior* to the hearing. After reviewing appellant's application to the zoning hearing board, dated June 07, 2013, appellant's type-written attachment thereto, and the public notices disseminated prior to the hearing, we conclude that appellant has not complied with the requirements of 53 P.S. § 10916.1. The application merely states that appellant seeks "relief from Sec. 9.601 (c)." [Official record, ZHB #1, 7/10/13.] Furthermore, the reasons stated in the attachment do not raise the substantive validity of the statute. As such, appellant has not complied with the statutory notice requirements, the issue has been waived, and we do not have the jurisdiction to address it further.

Appellant further argues that appellee erred in finding that the sign was not the continuation of an existing non-conforming use. Under the natural expansion doctrine, a non-conforming use "may be increased in extent by natural expansion and growth of trade." *Limley v. Zoning Hearing Board of Port Vue Borough*, 625 A.2d 54 (Pa. 1993). However, the protections of the natural expansion doctrine are only applicable to non-conforming uses, not non-conforming structures. *See Nettleton v. Zoning Board of Adjustment of the City of Pittsburgh*, 574 Pa. 45 (Pa. 2003).

Appellee argues that the sign is not a use but a structure and, as such, the natural expansion doctrine does not apply. The Pennsylvania Municipal Planning Code provides in relevant part that a non-conforming structure is,

> a structure or part of a structure manifestly not designed to comply-with the applicable use or extent

of use provisions in a zoning ordinance or amendment heretofore or hereafter enacted, where such structure lawfully existed prior to the enactment of such ordinance or amendment or prior to the application of such ordinance or amendment to its location by reason of annexation. *Such nonconforming structures include, but are not limited to, nonconforming signs.*

53 P.S. § 10107. In its assertion that the sign is a non-conforming use, however, appellant relies on Ordinance No. 8-2006 which provides the following,

The purpose and intent of [Article IX, entitled Signs and Street Graphics] is to create and maintain an attractive and harmonious community. *Signs constitute a separate and distinct land use* and affect the use of adjacent streets, sidewalks, and property. This article establishes reasonable and impartial regulations for all signs and street graphics in order to protect the general public health, safety, convenience, and welfare. It is further the purpose of this article to reduce traffic hazards caused by distracting and confusing signs and street graphics; to ensure the effectiveness of public traffic signs and signals; to protect property values; to preserve the beauty and unique character of Stroud Township; to further economic development; to enable the fair and consistent enforcement of the sign regulations throughout Stroud Township; to require Stroud Township to complete and maintain a comprehensive, Township-wide, sign inventory; to require registration and photograph of all signs, and to require the repair, and/or removal of substandard signs and street graphics, outdated sign messages, and nonconforming signs and street graphics.

Ordinance No. 8-2006, Article IX, Signs and Street

Graphics, Sec. 9.110 "Purpose" (emphasis added). However, appellee cites Section 9.1550 of Article IX which specifically regulates non-conforming signs and street graphics and which provides that, "non-conforming signage may be replaced in its entirety provided that there is no additional non-conformity or increase in the degree of non-conformity of the replacement signage." Ordinance No. 8-2006, Article IX, Signs and Street Graphics, Sec. 9.1550 "Replacement".

We find that appellee has not committed an error of law in holding that the natural expansion doctrine is not applicable in this matter by finding that the sign is a structure and not a use. Upon review Article IX of the ordinance, we find that appellee's manner of interpretation is more sensible, especially when read with the Municipal Planning Code which holds that signs are, in fact, a non-conforming structure. Conversely, we find that appellant's reliance on Section 9.110 is overly technical in contrast to a reading of Article IX as a whole. Therefore, we affirm the holding that appellant's re-facing of the non-conforming sign is to be considered a change in a non-conforming structure and that the natural expansion doctrine is inapplicable.

We find no abuse of discretion in appellee's denial of the variance. The following order shall be entered.

## ORDER

And now, this 31st day of July, 2014, after consideration of appellant's appeal to the zoning board's denial of a variance, and after consideration of all pleadings of record and oral argument on the matter, it is ordered that appellant's appeal is denied.